Mr. Justice Thachek
delivered the opinion of the court.
This is writ of error to the district court of chancery. The first question presented in this case is, whether, after judgment in an inferior court, the suing out a writ of error, with bond, raises the lien attached by the original judgment. This question has been decided in the negative by this court, in the case of the Planters Bank v. Calvit, 3 S. & M. 143, and the circumstance of a capias ad satisfaciendum having been sued out before the date of the writ of error, does not affect the principle there decided. The lion, in such cases, remains until a satisfaction of the judgments by payment.
Another question which presents itself is, that in consequence of the principle just reiterated, there must necessarily be some and perhaps a total failure of the consideration of the notes made by Dye, for the purchase-money of the land subject to the *293 judgment liens. Courts of equity will give relief in such cases. Parham v. Randolph, 4 How. 435. To what extent this may be the case in this instance, will require further investigation. It remains yet unascertained, how far the land in question will respond to the amount of the judgment by which it is bound.
The decree of the Vice-Chancellor is therefore reversed. It is ordered that the injunction as to Kilpatrick, Winston & Shall, be dissolved, and that the decree of the Vice-Chancellor dissolving the injunction as to Allen, Byrn, and Ross, be reversed, and that an account be taken to ascertain whether the value of the land in question exceeds the amount of the judgments which are liens upon it, and if it be so-ascertained, that the land exceeds in value the amount of the judgments, then that said Byrn and Allen be entitled to said excess, and be allowed to proceed to recover the same, in proportion to the respective amounts of their claims. But if the value of the land be not greater than the amount now due upon said judgments, then that Byrn and Allen be perpetually enjoined from proceeding upon their said claims, and from receiving anything thereon, and be decreed to repay any sum which they may have received thereon.
Mr. Justice Clayton, having been counsel below, gave no opinion.